## FOWLER et v LUTTON et

Ohio Appeals, 6th Dist, Fulton Co
No. 112. Decided June 29, 1931

F. B. Fowler, of Wauseon, and C. L. New-comer, Bryan, for Fowler et.

A. L. Gebhard, Bryan, and F. S. & J. M. Ham, Wauseon, for Lutton et.

LLOYD, J.

ONE: Fred Fowler, a beneficiary under the will, was called for cross-examination by plaintiffs and asked questions proper only as a basis of impeachment.

Many questions of the nature indicated were asked of Mr. Fowler, to but two or three of which objections were made and exceptions taken. Whether Mr. Fowler would have been called as a witness in behalf of the defendants had not these questions been asked on cross-examination, we can only conjecture, but assuredly he was compelled to become a witness because of them, other witnesses in behalf of plaintiffs having thereafter been permitted to testify to these statements concerning which he had been asked. The circuit court, of which this court under the Constitution is the successor, held in **Rough v Wenzel, 15 C. C. Rep., 134,** that "a party may not call a witness supposed to be adverse in anticipation of his being called by the other side, and elicit from his answers otherwise incompetent, with a view of laying ground for his impeachment." The rule thus announced was reiterated in **Moore v Caldwell, 6 C. C., N.S., 484,** and we adhere thereto. We think such practice is not to be commended and in the instant case constitutes prejudicial error.

Plaintiffs also asked many questions of other witnesses both on direct and cross-examination, as to declarations or statements made by Mr. Fowler both before and after the making of the will, from which although he denied them, it might be inferred that he considered his sister Armenia to be of unsound mind at the time of the execution of the will, and that it had been made and executed because of undue influence on his part. To some of these questions objections were made and exceptions taken.

In the case of Moore v Caldwell, supra, it was said at page 495 of the opinion that the declaration out of court of one of the beneficiaries under a will can not bind other legatees or devisees. "Wills can not be set aside by the admissions of different beneficiaries under the will." The Supreme Court

has also so held in **Thompson v Thompson,** 13 Oh St, 356. Authorities on this subject are collected and annotated in a note found in 38 L. R. A., N.S., at page 732. To permit this class of questions to be answered was also prejudicial error.

TWO: Lay witnesses who had not seen or talked with Armenia Spencer on the day of the execution of the will were permitted to state their opinion as to her mental condition on that day.

The record discloses that several non-expert witnesses called by plaintiffs were permitted so to testify over the objection of defendants. Thereby the distinction between expert and non-expert witnesses was destroyed and the opinion of the attending physician, who was present at the execution of the will and testified that the testatrix was of sound mind, was placed upon the same plane as those of non-experts, several of whom had not seen or talked with Mrs. Spencer for quite some time prior to April 18th when the will was signed. Clearly this course of examinination was erroneous and prejudicial. **Strick v Kiss, Gdn., 5 Oh Ap, 292, 296.**

THREE: Error in refusing to give to the jury before argument defendant's written request No. 5.

This request reads as follows:

"I instruct and charge you that any degree of influence over another acquired by kindness and friendly attention does not constitute undue influence within the meaning of the law. It is not unlawful for a person by honest solicitation and persuasion to induce a will in his or her favor; Neither is it unlawful to induce a testatrix to make a will in one's favor by fair speech and kind conduct if this does not amount to that kind of compulsion, improper conduct or undue influence, which, in a legal sense, would render the will invalid. In order to render a will invalid because of undue influence, that influence must amount to moral force and coercion destroying free agency. That which is obtained by argument and flattery and persuasion and appeals to the affection, influencing a testatrix's better judgment would not necessarily invalidate her will, unless her free agency be thereby destroyed, notwithstanding but for such influence the will might not have been made. The test of the unlawfulness of the influence is its effect upon the testatrix's free agency. The undue influence and restraint required in order to render a will invalid must be of such a character and degree as to prevent the exercise of that discretion and judgment which are essential to a sound and disposing mind. Undue influence, like incapacity, must be shown to exist at the time of making the will. To determine this you must look to the facts and circumstances as they appear in the evidence, as reflecting one way or the other upon the matter, whether undue influence may or may not have existed and operated upon the testatrix at the time she made her will."

The first sentence of this requested instruction, standing alone, is palpably incorrect, because the condition of the testatrix and the circumstances in a given case might be such as that the influence so acquired would be undue influence within the meaning of the law. In the instant case there existed between Mr. Fowler and the testatrix not only the relation of brother and sister but also of attorney and client, and from this relation the jury was entitled to draw such inference as the facts and circumstances in evidence warranted. **Haley v Dempsey, Exr. 14 Oh Ap, 326.** The jurors had this instruction in the jury room during their deliberations and might well have thought that this complete and positive statement contained a correct proposition of law to be literally applied in their consideration of the facts; and, although it may be claimed that this statement of the law was subsequently qualified, it seems apparent that the jury, after reading all of the requested instruction, might still feel at liberty to apply the law as first given. Our opinion is that this first sentence of the request might better have been eliminated entirely from the instruction, unless properly qualified in the first instance.

Jurors are not supposed to be analysts or synthesists when considering an instruction of the trial judge as to the law. It should be so clear and explicit as to obviate the possibility of argument and misinterpretation.

We do not, therefore, regard the refusal to give this request as prejudicial error.

For the reasons to which attention has been called, the judgment will be reversed and the cause remanded for a new trial.

RICHARDS, J, concurs.

WILLIAMS, J, dissenting.

The two issue rule applies in a will case. **Niemes v Niemes, 97 Oh St, 145, 149.**

I am not convinced that the record shows any prejudicial error relating to the issue of undue influence, and am therefore of the opinion that he judgment should be affirmed.